**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JASON ATHANS,

    Petitioner - Appellant,

 v.

WARDEN SCRIBNER,

    Respondent - Appellee.

No. 10-56232

D.C. No. 2:05-cv-02676-RGK-OP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted March 3, 2014**
Pasadena, California

Before: KOZINSKI, Chief Judge, GRABER, Circuit Judge, and ZOUHARY,***
District Judge.

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

  ***  The Honorable Jack Zouhary, United States District Judge, Northern
District of Ohio, sitting by designation.

Petitioner Jason Athans appeals the district court's order denying his petition for a writ of habeas corpus. Reviewing de novo, *Dickens v. Ryan*, 740 F.3d 1302, 1309 (9th Cir. 2014) (en banc), we affirm.

**1.** California state courts previously adjudicated both of Petitioner's claims for habeas relief. *See Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013). Thus, 28 U.S.C. § 2254(d)(1) bars relitigation of Petitioner's claims unless the state courts' adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

**2.** The California Court of Appeal applied the correct rule of federal law to Petitioner's ineffective assistance of trial counsel claim, and applied a rule of state law governing a request for a competency hearing that mirrors the correct federal standard. *Compare People v. Koontz*, 46 P.3d 335, 349–50 (Cal. 2002), *with Drope v. Missouri*, 420 U.S. 162, 172–73 (1975). *See also Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

**3.** Neither of the relevant California appellate decisions contained "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

**AFFIRMED.**